NO. 07-05-0269-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 17, 2005



______________________________


 

IN RE ROBERT PALMORE, RELATOR


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 By this original proceeding, relator Robert Palmore, acting pro se, (1) seeks a writ of
mandamus to compel the judge of the 242nd District Court of Hale County, whom he did not
name in the petition, to rule on and reform certain allegedly illegal sentences and
judgments previously imposed in cause numbers 8901B10-118CR, 8901B10-120CR,
8904B10-209CR and 8906B10-260CR. We dismiss the petition.

 The required filing fee of $75.00 did not accompany relator's petition. Unless a party
is excused from paying a filing fee, the Clerk of this Court is required to collect filing fees
set by statute or the Supreme Court when a petition in an original proceeding is presented
for filing. Tex. R. App. P. 5 and 12.1(b).

 Additionally, Rule 52.3 of the Texas Rules of Appellate Procedure prescribes the
mandatory contents for a petition for mandamus. Specifically, relator has failed to comply
with subparagraphs (a), (b), (c) and (j) of Rule 52.3. 

 Thus, because relator has not paid the required filing fee and has not complied with
the requirements of Rule 52 of the Texas Rules of Appellate Procedure, we must dismiss
this proceeding.


 Mackey K. Hancock

 Justice

 


 

 
1. 
 
 - 



ected registration
of Texas child custody orders as orders of the Oklahoma court, recognized the Lusters as
custodians of the child and authorized all law enforcement personnel to aid the Lusters in
securing possession of the child. 

 On August 14, 2003, after the Oklahoma court registered the Texas custody orders,
relator Carol Osmond traveled to Gray County, Texas, to attend a hearing in an SAPCR
involving two other grandchildren of the Osmonds, and in which the Osmonds had
intervened seeking managing conservatorship. (2) While in Texas, Carol was arrested
pursuant to a writ of commitment based on an order of the Texas court holding her in
contempt for failing to produce the child as ordered. The Texas court held a hearing at
which Carol and her counsel appeared. The court set bond for Carol and continued the
case to allow her to produce the child. Carol made bond. When she subsequently
appeared before the Texas court without the child, another order was entered finding her
in contempt. Specifically referencing the court's powers set out in article 11 of the Code
of Criminal Procedure, the order directed her commitment to the Carson County Jail until
such time as the child was produced.

 Carol filed a Petition for Writ of Habeas Corpus with this court. We granted
temporary relief directing that she be released from confinement upon posting bond. 

 Upon full consideration of relator's briefs, the issues presented, the law and the
record presented, we deny relief. We vacate our previous order granting temporary relief
and directing that relator be released from the Carson County jail upon posting bond. 

 Relator Carol Osmond is remanded to the custody of the Sheriff of Carson County,
to be held by him in accordance with the order of the Judge of the 100th District Court of
Carson County which was signed on October 7, 2003, subject to further orders of the 100th
District Court. See Tex. R. App. P. 52.8. 


 Per Curiam
1. 
 § 
 - 
2.